IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EMERGENCY ESSENTIALS, LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>SAMUEL JARVIS TAYLOR, a Utah resident; RICHARD TAYLOR, a Massachusetts resident; TAYLOR & TAYLOR, LLC, a Utah limited liability company; CHAPARRAL GROUP, a Utah company; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:16-CV-1189 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendants' Motion to Dismiss. Defendants seek dismissal of Plaintiffs second, eighth, and ninth causes of action. For the reasons discussed below, the Court will grant the Motion in part and deny it in part. Specifically, the Court will dismiss Plaintiff's trade dress claim as inadequately pleaded, but will do so without prejudice. The Court will deny the remainder of Defendants' Motion.

I.  BACKGROUND

Plaintiff Emergency Essentials, LLC ("Emergency Essentials") sells food products that can be stored for long periods of time or immediately consumed. Defendant Samuel Jarvis Taylor ("Samuel Taylor") began working for Emergency Essentials as a sales person in February 2016. Prior to joining Emergency Essentials, Samuel Taylor and his brother Richard Taylor formed a Utah limited liability company called Taylor & Taylor. After joining Emergency

1

Essentials, Taylor & Taylor filed a DBA registration with the state of Utah under the name Chaparral Group. Chaparral Group began offering food products that could be stored for long periods of time, bringing that business in direct competition with Emergency Essentials.

In addition to competing with Emergency Essentials, Plaintiff alleges that Samuel Taylor caused Emergency Essentials millions of dollars in harm. In particular, Plaintiff alleges that Samuel redirected payments from Emergency Essentials' customers to Chaparral Group's bank account; used Emergency Essentials' credit card and payment accounts to purchase flights, freight, shipping, and other services for Chaparral Group; secured orders for Emergency Essentials' customers but changed the fulfillment of those orders to Chaparral Group; secured orders for Emergency Essentials and intentionally failed to notify the company, so the orders were not fulfilled; solicited Emergency Essentials' customers to purchase Chaparral Group's products while on trips for Emergency Essentials; stole Emergency Essentials trade secrets and used them for the benefit of Chaparral Group; and used Emergency Essentials' trade dress on Chaparral's products.

Plaintiff brings claims for conversion, fraud, tortious interference with business relationships, breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, misappropriation of trade secrets, trade dress infringement and unfair competition, false description of origin, violation of the Computer Fraud and Abuse Act, civil conspiracy, and aiding and abetting. Defendants initially sought dismissal of Plaintiff's second, eighth, and ninth causes of action asserting fraud, trade dress infringement, unfair competition, and false description of origin. In their reply, Defendants concede that Plaintiff adequately pleaded a claim for unfair competition.

## II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

### III.  DISCUSSION

A.  FRAUD

Plaintiff's second cause of action asserts a claim for fraud.

> [I]n order to prevail on a claim of fraud, all the elements of fraud must be established by clear and convincing evidence.  Those elements are: "(1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representer either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge on which to base such representation; (5) for the purpose or inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage."[7]

Under Federal Rule of Civil Procedure 9(b), when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[8]  The Tenth Circuit has held that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud and must set forth the time, place, and contents of the false representation."[9]  The purpose of the rule is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based."[10]

Defendants argue that Plaintiff's First Amended Complaint fails to meet Rule 9(b)'s particularity standard.  The Court disagrees.  The First Amended Complaint sets out who engaged in the allegedly fraudulent conduct, largely Samuel Taylor.  The Complaint also provides notice of the "what," by identifying the particular conduct complained of.  Plaintiff has

---

[7] *Secor v. Knight*, 716 P.2d 790, 794 (Utah 1986) (quoting *Dugan v. Jones*, 615 P.2d, 1239, 1246 (Utah 1980)).

[8] Fed. R. Civ. P. 9(b).

[9] *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006) (quotation marks omitted).

[10] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010) (quoting *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

also identified when and where this conduct occurred. Finally, the First Amended Complaint describes how the alleged fraudulent conduct occurred. These allegations are sufficient under Rule 9(b).

For the first time in their Reply, Defendants argue that Plaintiff failed to plead any false representations. Again, the Court disagrees. The Amended Complaint is replete with references to Samuel Taylor's alleged false representations.[11] Therefore, the Court will deny Defendants' Motion as it relates to Plaintiff's fraud claim.

B.   TRADE DRESS

Plaintiff's eighth cause of action contains a claim for trade dress infringement under the Lanham Act.[12] To establish a claim of trade dress infringement, Plaintiff must show: (1) the trade dress is inherently distinctive or has become distinctive through secondary meaning; (2) there is a likelihood of confusion among consumers as to the source of the competing products; and (3) the trade dress is nonfunctional.[13]

Plaintiff alleges that its "packaging artwork is inherently distinctive" and is "nonfunctional."[14] These allegations are conclusory and are not supported by factual averments. Therefore, they cannot withstand a motion to dismiss. While the Court agrees that Plaintiff is not required "demonstrate" distinctiveness at this stage, something more than conclusory allegations are required. Moreover, it is not clear from the First Amended Complaint which of Plaintiff's

---

[11] Docket No. 12 ¶¶ 47, 50, 54, 57, 58.

[12] Plaintiff's eighth cause of action also includes a claim under the Utah Unfair Competition Act. Defendants have conceded that Plaintiff has adequately pleaded a claim under the Act and have withdrawn their request for dismissal of that claim. Docket No. 23, at 5.

[13] *Gen. Motors Corp. v. Urban Gorilla*, LLC, 500 F.3d 1222, 1227 (10th Cir. 2007).

[14] Docket No. 12 ¶ 111.

"variety of packages"[15] is the subject of this claim.  Nor does Plaintiff adequately allege which of Defendants' products are at issue.  As a result, Plaintiff's Complaint does not sufficiently put Defendants on notice as to what Plaintiff claims.  Therefore, Plaintiff's trade dress claim must be dismissed.  However, the Court will dismiss the claim without prejudice and will allow Plaintiff an opportunity to amend its cause of action for trade dress infringement.

C.     FALSE DESCRIPTION OF ORIGIN

Plaintiff's ninth cause of action asserts claims for false description of origin under state and federal law.  Defendants seek dismissal of the state-law component of this claim, arguing that Utah does not recognize a cause of action for false description of origin.  Plaintiff has clarified that its ninth cause of action is a claim for trademark infringement.

In Utah, trademark infringement occurs when a person

> (a) uses a reproduction, counterfeit, copy, or colorable imitation of a mark registered under this chapter:
> (i) without the consent of the registrant; and
> (ii) in connection with the sale, distribution, offering for sale, or advertising of any goods or services on or in connection with which that use is likely to cause confusion, mistake, or to deceive as to the source of origin, nature, or quality of those goods or services; or
> (b) reproduces, counterfeits, copies, or colorably imitates any mark and applies the reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in this state of goods or services.[16]

---

[15] *Id.* ¶ 14.

[16] Utah Code Ann. § 70-3a-402(1).  To recover profits or damages under subsection 1(b), a plaintiff must show that a violation was committed with the intent to cause confusion or mistake, or to deceive.  *Id.* § 70-3a-402(2).

6

Trademark is defined as "a word, term, name, symbol, design, or device" or "any combination of words, terms, names, symbols, designs, or devices" used by a person "to identify and distinguish the goods of that person from those manufactured or sold by others, including a unique product; and . . . to indicate the source of the goods, even if that source is unknown."[17] The term "mark" is defined as "any trademark or service mark entitled to registration under this chapter whether or not the trademark or service mark is registered."[18]

While Defendants contend that there is no cause of action in Utah for false description or origin, they fail to address Plaintiff's allegations concerning trademark infringement. Considering those allegations, the Court concludes that Plaintiff has sufficiently alleged a violation of Utah Code Ann. § 70-3a-402(1)(b). Specifically, Plaintiff has alleged that Samuel Taylor used copies of Emergency Essentials' logo and applied it to Chaparral Group's products. While Defendants argue that Plaintiff has failed to plead the existence of a registered mark, a registered mark is not required under § 70-3a-402(1)(b). Therefore, the Court declines to dismiss Plaintiff's ninth cause of action.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 15) is GRANTED IN PART AND DENIED IN PART.  Plaintiff's trade dress claim is dismissed without prejudice. Plaintiff may file a second amended complaint amending its trade dress claim within fourteen (14) days of this Order.

---

[17] *Id.* § 70-3a-103(1)(h).

[18] *Id.* § 70-3a-103(1)(e).

DATED this 30th day of January, 2017.

BY THE COURT:

Ted Stewart
United States District Judge